### THE PEOPLE v. THE DISTRICT COURT OF ARAPAHOE COUNTY.

JURISDICTION.

This court having acquired jurisdiction of a criminal case by writ of error and *supersedeas,* its jurisdiction is exclusive. No other court has jurisdiction to interfere with or modify the order granting the *supersedeas.* An order of the district court attempting so to do . may be ignored or set aside upon *certiorari.*

*Original Proceeding—Certiorari.*

THE ATTORNEY GENERAL and Mr. CALVIN E. REED, of counsel, for the People.

No appearance for the respondent.

THOMSON, J., delivered the opinion of the court.

Lawrence Farrell was convicted in the district court of Arapahoe county of the statutory offense of being accessory during the fact to the crime of robbery. After his conviction and sentence, he lodged in this court a transcript of the record, a bill of exceptions, and an assignment of errors, and applied for a *supersedeas,* which was granted upon condition that he enter into a recognizance to the people of the state of Colorado, in the penal sum of $2,000, conditioned according to law, with good and sufficient sureties. He failed to furnish recognizance, and remained in the jail of Arapahoe county in the custody of the sheriff. He afterwards filed in

the district court his petition for a writ of *habeas corpus*, alleging that the sentence of that court was in contravention of the statute, and void, and that he was therefore unlawfully restrained of his liberty. On this petition the writ issued. The sheriff made return that he was holding the petitioner by virtue of a mittimus from the district court, commanding him to convey the prisoner to the jail of Arapahoe county, and from thence to the penitentiary of the state of Colorado, and setting forth the suing out of writ of error from, and the granting of a *supersedeas* by, this court, and averring that the cause was pending and undetermined in this court. The petitioner demurred to the return. Upon the hearing the district court sustained the demurrer, and ordered that the prisoner be forthwith released from custody upon his entering into a recognizance in the penal sum of $500, conditioned for his appearance in the district court on the first day of its next regular term, and from day to day and term to term thereafter, etc. He gave the bond and was discharged from custody.

Upon proper application and showing made of the foregoing facts by the attorney general, this court ordered the sheriff to apprehend the petitioner, take him into custody, and confine him in the common jail of Arapahoe county until the further order of this court.

By the writ of error and *supersedeas*, this court acquired the sole jurisdiction of the case, and no other court, in any proceeding, or upon any pretext, could lawfully interfere with its order. The order of the district court attempting to modify the *supersedeas*, and change the conditions upon which the prisoner should be released from custody, was wholly outside of its jurisdiction and void.

The order will be set aside and for naught held.